**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1662
_____

SELASSIE ATOKLO,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of
the Board of Immigration Appeals
(Agency No. 214-552-239)
Immigration Judge: Tamar H. Wilson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 2, 2026

Before: HARDIMAN, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*

(Filed: March 2, 2026)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Selassie Atoklo petitions for review of a Board of Immigration Appeals decision rejecting his application for withholding of removal and deferral of removal under the Convention Against Torture. We will deny the petition.

I

A native and citizen of Ghana, Atoklo was admitted into the United States in 2014 on a B-2 nonimmigrant visa. His status was adjusted to Lawful Permanent Resident in 2019 under 8 U.S.C. § 1255. In 2022, he was convicted of six federal crimes: conspiracy to commit money laundering, 18 U.S.C. § 1956; conspiracy to receive stolen money, 18 U.S.C. § 371; receipt of stolen money, 18 U.S.C. § 2315; conspiracy to commit wire fraud, 18 U.S.C. § 1349; wire fraud, 18 U.S.C. § 1343; and conspiracy to transport stolen goods, 18 U.S.C. § 371. He was sentenced to 18 months' imprisonment.

In 2024, the Department of Homeland Security sought to remove Atoklo from the country, and the Immigration Judge sustained the removability charges under 8 U.S.C. § 1101(a)(43)(M) (offense that involves fraud or deceit involving loss to the victim over $10,000) and 8 U.S.C. § 1101(a)(43)(U) (attempt or conspiracy to commit offense defined in § 1101(a)(43)). *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.").

2

Soon after, Atoklo applied for withholding of removal and CAT protection.[1] He claimed that members of the Enterprise—the Ghana-based criminal scheme he participated in—will harm him if he returns because he cooperated with the United States' criminal prosecution of the Enterprise and testified against one of its members who was ultimately convicted. Before Atoklo's sentencing, the United States Attorney's Office for the Southern District of New York filed a letter under United States Sentencing Guideline § 5K1.1, outlining his substantial assistance to their investigation. The letter also stated that "Atoklo has expressed a credible fear for his family's safety in light of his cooperation having become public," but "nevertheless cooperated with the Government despite the risk of danger to himself and his family." A.R. 429–35.

In support of his application, Atoklo testified that he owned a used-car dealership in the United States. In 2018, members of the Enterprise approached Atoklo online about business opportunities. Atoklo claims that he thought the Enterprise was a legitimate business operation for about a year. Enterprise members would give Atoklo a cashier's check, and he would then buy cars or goods and ship them to the Enterprise in Ghana, or Atoklo would cash the check and send the money to an Enterprise member directly. But after Enterprise members began giving him "huge" sums of money, Atoklo grew suspicious. A.R. 249. He claims he questioned Enterprise members about the details of

---

[1] Atoklo's aggravated felony conviction rendered him ineligible for asylum, but he remained eligible for withholding of removal because he was not sentenced to an aggregate term of imprisonment of at least five years. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), (B), 1231(b)(3)(B).

their business and learned that he had been laundering money for an internet scam. Atoklo testified that Enterprise members threatened to harm him and his family if he stopped laundering their money.

After Atoklo was arrested in 2021, he received threatening phone calls from Ghana. The anonymous callers said things like "[y]ou think you're smart, right? We will get you"; "Whatever [sic] you're going, remain there. If you come here, something will happen to you"; and "I will kill you. We will kill you." A.R. 230–31. According to Atoklo, the Enterprise operates with impunity throughout Ghana and the government is too weak to control it. He believed the Enterprise wanted to harm him because his testimony resulted in the loss of about six million dollars of Enterprise funds.

The IJ rejected Atoklo's application for withholding of removal and CAT protection. With respect to withholding of removal, the IJ concluded that Atoklo did not have an objectively reasonable fear of future persecution because there was insufficient evidence he would be harmed if he returned to Ghana. The IJ also denied CAT relief, holding that there was insufficient evidence that the government in Ghana would consent or acquiesce to Atoklo's torture.

The BIA dismissed Atoklo's appeal. The BIA concluded that there was no clear error in the IJ's factual finding that Atoklo failed to establish a clear probability of persecution because the Enterprise members would not know of his return and, to date, have not threatened his family in Ghana. The BIA also determined that Atoklo did not meaningfully challenge the IJ's predictive factual findings that the Enterprise does not intend to harm him if he returns to Ghana. Finally, the BIA determined that Atoklo did

not identify any error in the IJ's conclusion that Ghanian public officials would not consent or acquiesce to Atoklo's torture.

This timely petition followed.

II[2]

Atoklo contests the BIA's rejection of his application for withholding of removal and CAT protection. We address each in turn.

A

Atoklo contends the BIA erred in rejecting his application for withholding of removal. But substantial evidence supports the BIA's finding that Atoklo failed to establish an objectively reasonable fear of future persecution in Ghana. *See Cortez-Amador v. Att'y Gen.*, 66 F.4th 429, 434–35 (3d Cir. 2023). Atoklo received threats, but neither he nor his Ghanian family was physically harmed. Standing alone, such threats do not support an objectively reasonable fear of future persecution. *Chavarria v. Gonzalez*, 446 F.3d 508, 518 (3d Cir. 2006) ("[W]e have refused to extend asylum protection for threats that, while sinister and credible in nature, were not highly imminent or concrete or failed to result in any physical violence or harm to the alien."). Atoklo cites his fear of reprisal based on his cooperation with the United States government, but the BIA considered this risk. And given the IJ's finding that the Enterprise had not harmed Atoklo's family and would not learn of his return to Ghana, the BIA held his fear of

---

[2] We have jurisdiction under 8 U.S.C. § 1252(a)(1). The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15.

future persecution not objectively reasonable.[3] Because nothing in the record compels a contrary conclusion, *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020), Atoklo was not entitled to withholding of removal.[4]

B

Atoklo also argues that the BIA erred in denying his application for CAT protection. He contends that the IJ applied the incorrect standard in its CAT analysis, a mistake the BIA should have addressed. But the IJ applied the correct standards. A successful CAT applicant must demonstrate that "(1) if he returned home, he would be tortured, and (2) the government would acquiesce to that torture." *Lopez v. Att'y Gen.*, 142 F.4th 162, 170 (3d Cir. 2025). Atoklo challenges how the IJ applied prong two.

In her decision, the IJ explained that Atoklo "must establish that the government of Ghana must somehow be *complicit*, either that they will instigate, consent to torture against [Atoklo], or that they will acquiesce or be willfully blind to torture against [Atoklo]." A.R. 57 (emphasis added). Although the IJ misspoke when she said "complicit," a term that applies to persecution findings, *see Galeas Figueroa v. Att'y*

---

[3] Atoklo also suggests that the IJ failed to evaluate his past-persecution claim. But we need not address that issue because Atoklo presented no evidence of past persecution in Ghana. The telephonic threats Atoklo received cannot count as past persecution in Ghana because they occurred when Atoklo lived in the United States. 8 C.F.R. § 1208.16(b)(1)(i).

[4] Atoklo further suggests that the BIA wrongly applied a clearly erroneous standard to the IJ's analysis of whether his fear of future persecution was "objectively reasonable," instead of reviewing the IJ's conclusions de novo, as required. Atoklo Br. 18–19; *see Huang v. Att'y Gen.*, 620 F.3d 372, 384–85 (3d Cir. 2010). But the BIA applied the clearly erroneous standard of review to factual, not legal, issues.

6

*Gen.*, 998 F.3d 77, 86–87 (3d Cir. 2021), her actual analysis applied the correct standard. The IJ found that Atoklo failed to proffer evidence connecting the Ghanaian government to the Enterprise, so evidence of general corruption in Ghana was insufficient to establish future government acquiescence to Atoklo's torture. While imprecise, the IJ used "complicit" as a stand-in for the proper standard.

In any case, the denial of CAT relief did not turn on how the Ghanian government would respond to Atoklo's potential torture. Under prong one, the IJ found that Atoklo could reside safely in Ghana, emphasizing that his allegation that the Enterprise operates throughout Ghana was "purely speculative" and that his family resides safely in Ghana even though one of the "key players" in the Enterprise knows where they live. A.R. 57–58.

Atoklo disagrees with this factual determination. The BIA, however, concluded that he failed to "meaningfully challenge" it on appeal. A.R. 4. And even had Atoklo properly exhausted this claim before the BIA, he cites no record evidence that compels reversal of the IJ's finding. *Nasrallah*, 590 U.S. at 584. Atoklo has not been harmed by the Enterprise, and given Ghana's population and size, the IJ found it unlikely that they would learn of his return. Moreover, Atoklo's family has not been harmed or threatened by the Enterprise in Ghana. And while Atoklo testified that Ghanian callers threatened him over the phone after he testified against the Enterprise, he does not know the source of the anonymous calls. Indeed, Atoklo was last threatened two years before his merits hearing, and the IJ found no evidence the Enterprise was "still as active and profuse" as when Atoklo participated in its scams. A.R. 54. Because a reasonable adjudicator would

7

not be compelled to conclude that Atoklo would face future harm, Atoklo's challenge to the denial of his CAT claim cannot succeed.

*    *    *

For the foregoing reasons, we will deny the petition.